[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed objections to the acceptance of the report of the Fact Finder in this case. The first objection is that this is not a contract action and therefore the Fact Finder lacked jurisdiction. This is an action by a hospital to recover charges for services rendered to a patient. As such, it is a contract collection action and within the power of the Fact Finder to hear and a render a report. The amount in dispute was $7443.72. Neither party ever claimed a jury trial. Section52-549n authorizes such actions to be referred to fact finders and provides as follows:
 § 52-549n. Certain contract actions referred to fact finders. Rules of procedure
 In accordance with the provisions of section 51-14, the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the Superior Court, except claims under insurance contracts for uninsured and or underinsured motorist coverage, in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in controversy is CT Page 12052 less than fifty thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the certificate of closed pleadings has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired.
Section 23-53 of the Rule of Practice provides as follows:
Sec. 23-53. — Referral of Cases to Fact-Finders
 The court, on its own motion, may refer to a fact-finder any contract action pending in the superior court, except claims under insurance contracts for uninsured and or underinsured motorist coverage, in which money damages only are claimed, which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in [demand] controversy is less than fifty thousand dollars, exclusive of interest and costs. Such cases may be referred to a fact-finder only after the pleadings have been closed, a certificate of closed pleadings has been filed, and the time prescribed for filing a jury trial claim has expired.
Where no timely jury claim has been made, the provisions of Section 19-2 of the Rules of Practice permit reference in such a situation.
The defendant next claims the court is without jurisdiction because Section 52-434 refers only to State Referees. However, that is not the case. The title of this section is "Statereferees. (a) Appointment of retired judges and members of thebar. Cases referred." Not only does the title refer to attorneys as referees but subsection (4) of the Statute expressly provides: "In addition to the state referees who are appointed . . ., the Chief Justice may appoint, from qualified members of the bar of the state, who are electors and residents of this state, as many CT Page 12053 referees as he may deem advisable or necessary." This contention has no merit.
The defendant also claims Practice Book Section 428, now cited as Section 19-3 does not make reference to an Attorney Trial Referee. Section 19-4 specifically mentions Attorney Trial Referee in contemplating reference of cases to them and filing of a fact finding report with the Clerk. The court rejects this argument.
The defendant also attacks the report on its merits on the basis there was insufficient evidence to warrant the factual findings made and, defendant also urges that there was denial of the right of cross examination. The proper procedure under the rules is to ask the Attorney Trial Referee to correct a finding claimed to be mistaken. The Court will treat the defendant's pleading as a Motion to Correct made under Section 19-12 of the Rules of Practice and under that provision orders the Clerk to return the file to the Fact Finder for consideration of the Motion to Correct.
The Court notes, the event the defendant is dissatisfied with whatever ruling is made on the motion to correct, and files for judicial review, that Section 19-13 of the Rules provides that before a judge can pass on the matter, the party excepting on grounds alleged by the defendant must file a transcript with the Clerk of the Court before a judge can review the matter.
So ordered.
FLYNN, J.